NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-35468 |
| Plaintiff - Appellee, | D.C. Nos.  2:11-cv-00332-WFN |
| v. | 2:08-cr-00137-WFN |
| DANIEL ALLEN FLAHERTY, a.k.a. Daniel Allen Flagherty, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, District Judge, Presiding

Submitted September 24, 2013[**]

Before:   RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Daniel Allen Flaherty appeals pro se from the district court's order denying

his 28 U.S.C. § 2255 motion as untimely.  We have jurisdiction under 28 U.S.C.

§ 2253, and we affirm.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Flaherty's section 2255 motion challenged the constitutionality of 21 U.S.C. § 846 of the Controlled Substances Act, the statute underlying his conviction for conspiracy to distribute methamphetamine. He argues that the district court erred by denying his motion as untimely because he filed the motion within one year of the Supreme Court's decision in *Bond v. United States*, 131 S. Ct. 2355, 2366-67 (2011), which held that a defendant has standing to raise a Tenth Amendment challenge to the statute under which he was convicted. We need not determine whether *Bond* provides an alternate start date for AEDPA's statute of limitations. Even if they are timely, Flaherty's claims that 21 U.S.C. § 846 interferes with powers reserved to the states fail on the merits.[1] This court has concluded that the Controlled Substances Act does not violate the Tenth Amendment, *see Raich v. Gonzales*, 500 F.3d 850, 869 (9th Cir. 2007), and has rejected challenges to the constitutionality of Title 21, *see United States v. Kim*, 94 F.3d 1247, 1250 & n.3 (9th Cir. 1996).

**AFFIRMED.**

---

[1] To the extent the certificate of appealability does not encompass the merits of these claims, we construe Flaherty's briefing as a request to broaden the certificate of appealability and grant the request. We decline to further expand the certificate of appealability to include his additional arguments. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).